LATHAM & WATKINS LLP
   Daniel Scott Schecter (SBN 171472)
   Robin A. Kelley (SBN 287696)
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: daniel.schecter@lw.com
       robin.kelley@lw.com

LATHAM & WATKINS LLP
   Matthew A. Brill (*pro hac vice*)
   Matthew T. Murchison (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: matthew.brill@lw.com
       matthew.murchison@lw.com

Attorneys for Defendants
Comcast Corporation, Comcast Phone, LLC, Comcast Phone II, LLC and Comcast Business Communications, LLC

ALSTON & BIRD LLP
   Jonathan M. Gordan (SBN 82202)
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail: jonathan.gordon@alston.com

PARTRIDGE SNOW & HAHN LLP
   Stephen Wald (*pro hac vice*)
   Lauren J. Coppola (*pro hac vice*)
30 Federal Street
Boston, Massachusetts 02110
Telephone: (617) 292-7900
Facsimile: (617) 292-7910
E-mail: swald@psh.com
       lcoppola@psh.com

Attorneys for Plaintiff Free Conferencing Corporation

[FILED CLERK, U.S. DISTRICT COURT FEB 18 2016 CENTRAL DISTRICT OF CALIFORNIA BY _____ DEPUTY]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE CONFERENCING CORPORATION, a Nevada corporation,<br><br>      Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION, a Pennsylvania corporation, COMCAST PHONE LLC, a Delaware limited liability corporation, COMCAST PHONE II LLC, a Delaware limited liability corporation, and COMCAST BUSINESS COMMUNICATIONS LLC, a Pennsylvania limited liability corporation<br><br>and<br><br>JOHN DOES 1-10,<br><br>      Defendants. | Case No. 2:15-cv-04076-FMO (PJWx)<br><br>Assigned to Hon. Fernando M. Olguin<br>Hon. Patrick J. Walsh (Magistrate Judge)<br><br>**[DISCOVERY MATTER]**<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: May 29, 2015<br>Trial Date: December 13, 2016<br><br>*See Court's changes at p. 8, ¶ 14*<br>*PJW* |

## PROTECTIVE ORDER

**WHEREAS** discovery in the above-entitled action is likely to involve the production or disclosure of confidential, proprietary, private, or sensitive commercial, financial or business information by parties to this Action for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted; and

**WHEREAS**, counsel for all parties herein (Plaintiff Free Conferencing Corporation and Defendants Comcast Corporation, Comcast Phone, LLC, Comcast Phone II, LLC, and Comcast Business Communications, LLC) have consented to entry of this Order by and through their respective counsel of record;

**IT IS HEREBY ORDERED:**

1. This Protective Order supersedes any prior confidentiality agreements executed among the parties in relation to this Action.

2. As used in this Protective Order (the "Order"):

    (a) The term "discovery material" may include, without limitation, all information contained in: documents; correspondence; memoranda; bulletins; blueprints; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; models and prototypes and other physical objects; computer data and reports; deposition testimony and exhibits; interrogatory answers; responses to requests for admission; pleadings; motions; briefs; affidavits; and any other written, recorded, computerized electronic,

transcribed or graphic matter produced by any party or obtained by any party during discovery in this action, and any copies thereof.

    (b) The terms "producing party" and "designating party" shall include any person who provides discovery material whether or not a party to above-entitled action.

    (c) The term "Action" shall mean *Free Conferencing Corporation v. Comcast Corporation, et al.*, Case No. 2:15-CV-04076-FMO (PJWx), pending in the United States District Court for the Central District of California.

    (d) The term "Comcast" shall mean shall mean Comcast Corporation, Comcast Phone, LLC, Comcast Phone II, LLC, and Comcast Business Communications, LLC, collectively.

    (e) The terms "Disclosure" and "Disclosed" shall mean, without limitation, allowing or failing to take reasonable steps to prevent: (1) visual inspection of a discovery material designated as "Confidential" or "Confidential and Attorneys' Eyes Only," by any individual not authorized under this Order to do so; and/or (2) any communication that reveals, reflects, conveys, or otherwise discloses the substance of all or any part of a discovery material designated as "Confidential" or "Confidential and Attorneys' Eyes Only," to an individual not authorized to receive such information under this Order.

    (f) The term "Free Conferencing" shall mean Free Conferencing Corporation.

  3. This Order shall apply to discovery material that has been designated "Confidential" or "Confidential and Attorneys' Eyes Only" pursuant to this Order.

### DISCOVERY MATERIAL ELIGIBLE FOR DESIGNATION AS "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" AND PERSONS TO WHOM SUCH MATERIAL MAY BE DISCLOSED

  4. "Confidential" and "Attorneys' Eyes Only" Discovery Material.

  (a) Any producing party may designate as "Confidential," in the manner set forth in Paragraph 6, *infra*, discovery materials that have been or will be made available in this Action. A producing party shall make such designation only with respect to nonpublic discovery materials which the party reasonably and in good faith believes are confidential, proprietary, or contain or constitute one or more trade secrets.

  (b) In addition to the "Confidential" designation, any producing party may designate discovery materials as "Attorneys' Eyes Only," in the manner set forth in Paragraph 6. A producing party shall make such designation only with respect to materials which the party reasonably and in good faith believes contain information that, if disclosed to employees of another party, including in-house counsel, pursuant to this Order, would create a substantial risk of competitive injury to the producing party.

  5. Disclosure of "Confidential" and "Attorneys' Eyes Only" Discovery Material.

  (a) Discovery material designated as "Confidential" may be Disclosed only to the following persons, and may be used by such persons solely for the purposes of this Action and for no other business or other purposes whatsoever, and may not be Disclosed except to any other person authorized under this Order to receive such materials/information:

  (i) Officers, directors, or employees of a party who are responsible for instructing and/or assisting counsel in the prosecution or defense of this Action;

  (ii) Counsel for the parties in this Action, including in-house counsel;

  (iii) Employees of such counsel engaged in assisting counsel in the prosecution or defense of this Action including secretaries and paralegal assistants;

    (iv) Court officials involved in the Action, including court reporters and persons operating video recording equipment at depositions;

    (v) Any person (and such person's counsel) who (1) was an author or recipient of the discovery material in question, (2) is an employee of the producing party, or (3) was an employee of the producing party at the time of the discovery material's creation; provided, however, that, if such person is not a current employee of the producing party, he or she (and his or her counsel) shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A; and

    (vi) Independent contractors, outside consultants and experts and their staff consulted or retained by a party for the purpose of assisting in the prosecution or defense of the Action, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A.

  (b) Discovery material designated both "Confidential" and "Attorneys' Eyes Only" shall be subject to all of the restrictions contained in Paragraph 5(a), and may not be Disclosed except to any other person authorized under this Order to receive such information. However, notwithstanding anything to the contrary in Paragraph 5(a), discovery material designated "Attorneys' Eyes Only" may not be Disclosed to any officer, director, or employee of a party other than the producing party.

  6. Any producing party may designate discovery as "Confidential" by affixing in a conspicuous place the legend "Confidential Pursuant to Protective Order," and may designate discovery as "Attorneys' Eyes Only" by affixing in a conspicuous place the legend "Confidential and Attorneys' Eyes Only Pursuant to Protective Order," on any discovery material that it believes contains information specified in Paragraph 4(a) or 4(b) above. Such designation shall, to the extent possible, be made at the time the discovery is produced. If, however, a producing party determines that discovery materials containing information specified in

Paragraph 4 above has inadvertently been produced previously without a "Confidential" or "Attorneys' Eyes Only" designation, that producing party may so designate such information for going-forward purposes by providing properly marked copies of the materials to all other parties with instructions that such other parties shall either destroy or return all previously produced undesignated copies of the materials they may have.

7. Counsel for any producing party may designate any part of the transcript of any deposition as "Confidential" or "Attorneys' Eyes Only" that contains the types of information specified in Paragraph 4 above by making a statement on the record during the course of the deposition or by giving notice to the court reporter and all other parties in writing served within thirty (30) days of receipt of the transcript of such deposition, provided that the designating party requested a copy of the transcript within 10 days of notification of its existence. Until 30 days after the receipt of the transcript, all parties shall treat the transcript as "Confidential."

8. If deposition testimony, other pretrial testimony or statements are designated as "Confidential" or "Attorneys' Eyes Only," the court reporter shall affix the appropriate legend on the face of the transcript and shall indicate in a prominent place the specific transcript pages and/or exhibits that have been designated "Confidential" or "Attorneys' Eyes Only."

9. A deponent shall not be permitted to retain copies of confidential discovery material unless the deponent is otherwise entitled to receive and retain such copies under the terms of this Order. A deponent's counsel shall not be permitted to retain any copies of confidential discovery material unless such counsel represents one of the parties in this Action or is otherwise entitled to receive and retain such copies under the terms of this Order. Nothing in this Paragraph shall prevent a deponent or a deponent's counsel from having reasonable access to the transcript of the deponent's deposition for purposes of reading and signing the

1  transcript, preparing to testify further in this Action, or for other purposes specially
2  agreed to by the parties.

3      10.    At any deposition session, when counsel for a party believes that a
4  question or answer will result in the disclosure of information with respect to his or
5  her client that may legitimately be designated as "Confidential" or "Attorneys' Eyes
6  Only" pursuant to the provisions of Paragraph 4 above, counsel, at his or her option,
7  may request that all persons except the deponent, reporter, counsel for the parties,
8  counsel for the deponent, and other individuals authorized to receive disclosure,
9  leave the deposition room during the portion of the deposition that counsel believes
10  will result in the disclosure of confidential information. The failure of any person
11  other than the deponent, reporter, counsel (including counsel for the deponent), and
12  other individuals authorized to receive disclosure to comply with a request of this
13  type shall constitute substantial justification for the objecting counsel to require that
14  the question be withdrawn pending application to the Court for an appropriate
15  protective order.

16      11.    Producing parties may designate discovery material produced in the
17  form of electronic media, such as computer disks and tapes, as "Confidential" or
18  "Attorneys' Eyes Only" in accordance with the provisions of this Order. Any hard
19  copies generated from electronic media designated as "Confidential" or "Attorneys'
20  Eyes Only" shall be treated in the same way they would be treated under this Order
21  if they originally were produced in hard copy designated "Confidential" or
22  "Attorneys' Eyes Only." All persons who use or review the designated electronic
23  media or hard copies thereof shall be instructed to comply with the provisions of
24  this Order. Any party printing hard copies from electronic media and using those
25  hard copies outside the party's own offices shall mark the hard copies as
26  "Confidential" or "Attorneys' Eyes Only."

27
28

## OBJECTIONS TO DESIGNATION

12. If any party objects to a designation of discovery material as "Confidential" or "Attorneys' Eyes Only," based upon a good faith belief that the discovery material is not entitled to such protection, counsel for the objecting party shall state the objection by letter to counsel for the designating party. Upon receipt of the letter containing such objection, counsel for the designating party shall have ten (10) business days to confer with counsel for the objecting party and respond to the request and objections. If, at the end of the 10-day period, the objecting and designating parties are unable to agree on the propriety of the objected-to designation(s), the objecting party may apply to the Court for an order changing the designation. The designating party shall have ten (10) business days to respond to such application and shall have the burden of demonstrating that the "Confidential" or "Attorneys' Eyes Only" designation was proper under the terms of this Order. Any discovery material that has been designated "Confidential" or "Attorneys' Eyes Only" shall be treated as properly designated until such time as the Court rules that such discovery should not be so designated.

13. All signed agreements to be bound by the Protective Order (Exhibit A, attached hereto) including agreements executed by consultants and non-testifying experts of the parties to this Action, shall be deemed the work product of counsel obtaining them and shall not be disclosed unless so ordered by the Court.

14. To the extent any "Confidential" or "Attorneys' Eyes Only" discovery material is filed with the Court during this Action, it shall be so filed in sealed envelopes marked with the style of this Action and bearing a statement substantially in the following form:

CONFIDENTIAL
FILED UNDER SEAL PURSUANT TO
A PROTECTIVE ORDER OF THE COURT DATED _____, 2016

If filed in the Court, the envelopes shall be maintained by the Clerk of the Court as sealed and shall not be opened without further order of the Court.

## NO PREJUDICE REGARDING THE ADMISSIBILITY OF EVIDENCE OR THE APPLICATION OF RECOGNIZED PRIVILEGES

15. Nothing herein shall be construed to affect in any way the admissibility of any evidence at trial, in any pretrial hearing, or other proceedings.

16. Nothing herein shall preclude any party from asserting, if applicable, the attorney-client privilege, a claim of work product protection, or any other applicable privilege or protection as to any discovery material the production of which is sought by any other party, or to assert any defense or objection to the use of such information at trial.

17. Nothing in this Order shall prevent or restrict counsel from rendering legal advice to the named parties or any other parties which counsel may represent with respect to this Action and, in the course thereof, referring or relying generally on counsel's examination of discovery material, but without disclosing the specific content of any discovery material the disclosure of which is contrary to the terms of this Order.

## REVOCATION OF CONFIDENTIAL STATUS

18. Any party or nonparty that has designated any discovery material as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order may consent that such designation be removed or may revoke such designation by so notifying counsel for all other parties in writing or by so stating on the record at any hearing or deposition, provided that any such removal or revocation shall not prejudice or otherwise affect the right any other party may have to designate the same discovery material as "Confidential" or "Attorneys' Eyes Only".

19. If any designation of discovery material as "Confidential" or "Attorneys' Eyes Only" is withdrawn voluntarily or by Order of this Court, all other parties to the Action shall be notified of such change in writing.

## INADVERTENT WAIVER

20. The inadvertent production of any discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney work product and shall not be deemed a waiver of any such privilege or protection. If, after discovery materials are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work product protection, the receiving party shall not make any use of the contested material and shall return to producing party all copies thereof in its possession. Nothing in this provision shall be construed to prevent or restrict any party's right to object to the propriety of any other's assertion that materials are properly protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

21. Within ninety (90) days after the conclusion of all proceedings in this Action, whether by judgment, settlement, or otherwise, all documents governed by the terms of this Order and all copies of such documents not on file with the Court shall, upon written request of the producing party, be returned to counsel for the producing party at its expense, or else destroyed. Counsel and any recipient(s) shall provide written notice to the producing party of such return or destruction. Notwithstanding the foregoing, outside counsel for any party may retain copies of any pleading served or filed in this Action, but shall maintain the confidentiality of such documents to the extent required by this Order.

## MODIFICATION OF ORDER

22. Nothing herein shall prevent any party, or third party, on notice to all parties, from applying to the Court for a modification of this Order.

## CONTINUING EFFECT AND JURISDICTION OVER ORDER

23. This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court and shall survive the termination of this Action.

1  The Court shall have continuing jurisdiction to modify, amend, or rescind this order
2  notwithstanding the termination of this Action.

3      24.   This Order may be signed in counterparts.

4  Dated: February 16, 2016             PARTRIDGE SNOW & HAHN LLP

6                                        By: /s/ Lauren J. Coppola
                                         Lauren J. Coppola
7                                        Attorneys for Plaintiff
                                         Free Conferencing Corporation

9  Dated: February 16, 2016             LATHAM & WATKINS LLP

11                                       By /s/ Daniel Scott Schecter
                                         Daniel Scott Schecter
12                                       Attorneys for Defendants
                                         Comcast Corporation, Comcast Phone,
13                                       LLC, Comcast Phone II, LLC, and
                                         Comcast Business Communications,
14                                       LLC

16  Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that I obtained concurrence and
    authorization in the filing of this document from all parties whose electronic
17  signatures appear above.

18  Dated: February 16, 2016             /s/ Daniel Scott Schecter
                                         Daniel Scott Schecter

21      **GOOD CAUSE APPEARING**, the Court hereby approves this Stipulated
22  Protective Order.

23  *This Order does not authorize the parties*
24  **IT IS SO ORDERED**. *to file documents under seal.*
25  *See L.R. 79-5.*

26  Dated: 2/18/16                       _____
27                                       Hon. Patrick J. Walsh

# EXHIBIT A

I have read and understand the Protective Order entered in the matter of *Free Conferencing Corporation v. Comcast Corporation, et al.*, Case No. 2:15-CV-04076-FMO (PJWx), and agree to be bound by and abide fully with the terms of such Protective Order. I further understand that failure to abide fully with the terms of such Protective Order may lead to sanctions being imposed by the Court. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature

_____
Name (Printed)

_____
Date